1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANTOINE DOUGLASS JOHNSON,                No.  2:16-cv-1037 JAM AC P

12                   Petitioner,

13        v.                                  ORDER AND FINDINGS AND
                                              RECOMMENDATIONS
14   FELICIA PONCE,

15                   Respondent.

16

17        Petitioner, a federal prisoner proceeding pro se, has filed a petition for a writ of habeas

18   corpus pursuant to 28 U.S.C. § 2241.  This proceeding was referred to this court by Local Rule

19   302 pursuant to 28 U.S.C. § 636(b)(1).

20        I.      Application to Proceed In Forma Pauperis

21        Although petitioner has provided a copy of his trust account statement, it is not certified

22   and he has not provided a signed certificate from an appropriate prison official showing the

23   balance in his account.  See 28 U.S.C. § 1915(a); Rule 3(a)(2) of the Rules Governing Section

24   2254 Cases in the United States District Courts (Habeas Rules).[1]  However, the court will not

25   assess a filing fee at this time.  Instead, the undersigned will recommend summary dismissal of

26   the petition.

27   _____

28   [1]  The Rules Governing Section 2254 Cases are appropriately applied to proceedings undertaken
     pursuant to 28 U.S.C. § 2241.  Habeas Rule 1(b).

II.     The Petition

Petitioner, who is incarcerated at the Federal Correctional Institution in Herlong, challenges a 2012 conviction in the United States District Court for the Western District of Washington for health care fraud, filing false income taxes, and illegal distribution of controlled substances.  ECF No. 1 at 2-3.  Petitioner argues that the petition is properly brought under § 2241 because "the remedy by motion pursuant to 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of [his] detention."  Id. at 6.

III.     Challenging the Validity of a Conviction Under § 2241

Rule 4 of the Habeas Rules requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  "[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted."  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

In this case, petitioner is clearly challenging the legality of his conviction and sentence. "As a general rule, '§ 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention.'"  Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir. 2008) (quoting Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000)).

> By the terms of section 2255, a prisoner authorized to apply for
> section 2255 relief may not bring a section 2241 petition for a writ
> of habeas corpus "if it appears that the applicant has failed to apply
> for relief, by motion, to the court which sentenced him, or that such
> court has denied him relief."

Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988) (quoting 28 U.S.C. § 2255).  "Under the savings clause of § 2255, however, a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'"  Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000) (quoting 28 U.S.C. § 2255).  "[A] § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim."  Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006) (citations omitted).

An inquiry into whether a § 2241 petition is proper . . . is critical to the determination of district court jurisdiction, because the proper district for filing a habeas petition depends upon whether the petition is filed pursuant to § 2241 or § 2255.  In particular, a habeas petition filed pursuant to § 2241 must be heard in the custodial court . . . , even if the § 2241 petition contests the legality of a sentence by falling under the savings clause.

Hernandez, 204 F.3d at 865.  As addressed below, petitioner does not qualify for the "escape hatch" exception.  Relief is therefore unavailable to him under § 2241 and the petition must be dismissed for lack of jurisdiction.

A.    Actual Innocence

Petitioner argues that he is actually innocent because he "was convicted for conduct not prohibited by law because [he] was intentionally treated differently from others similarly situated by federal actors."  ECF No. 1 at 3.  He further asserts that his claim is based on "newly discovered evidence" in the form of opinions in federal criminal proceedings in the United States District Court for the Western Division of Virginia.  Id. at 8.

Specifically, petitioner alleges that had he been found to have "held [him]self out as providing drug treatment through state authorization to prescribe Suboxone" and therefore been covered by 42 CFR Part 2, the government's search warrants would have been quashed as invalid because the government did not obtain an order under 42 CFR Part 2 prior to beginning its investigation.  Id. at 8-13.  Petitioner further alleges that if his confidential communications relating to drug addiction treatment for his patients had been covered by the confidentiality regulations, "the government's authority to prosecute [him] would have been prohibited by law due to non-compliance with 42 USC § 290dd-2 and CFR Part 2."  Id. at 14-18.  He argues that the two criminal cases out of Virginia are evidence of his innocence because the defendants in those cases were found to be entitled to the protections of 42 CFR Part 2 and the confidentiality regulations and that their similar circumstances demonstrate that petitioner should have also been entitled to those protections.  Id. at 8-19.  Petitioner appears to argue that the only difference between himself and the Virginia defendants is race, specifically that he is black while they are white.  Id. at 9, 14-15, 18-19.

3

Despite petitioner's framing of the issue, he is not claiming actual innocence.  Instead, what petitioner actually argues is that had he been treated the same as the defendants in the Virginia cases, the government would not have been able to obtain the evidence it used to convict him, or that evidence would have been thrown out.  Id. at 13, 18.  In other words, he argues that the government treated him differently because of his race, and in doing so denied him due process and equal protection under the law.  He does not argue that he did not do the things for which he was convicted and fails to establish that his conduct was not prohibited by law since he is challenging the government's conduct in obtaining evidence against him.

B.      Unobstructed Procedural Shot

With respect to the second requirement for bringing a § 2241 petition under the savings clause, "it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255.  He must never have had the opportunity to raise it by motion."  Ivy v. Pontesso, 328 F.3d 1057, 1060 (9th Cir. 2003).  Thus, if a habeas petitioner raises an actual innocence claim that could have been raised during trial or on direct appeal, or in a § 2255 motion prior to the lapse of the one-year limitation period, the fact that he may be procedurally barred from now raising it does not mean that § 2255's remedy is inadequate or ineffective.  Even if petitioner had made a claim for actual innocence, he would still fall outside § 2255's savings clause because he already raised these arguments during his criminal prosecution and appeal.

During his criminal prosecution, petitioner moved to dismiss the superseding indictment on the grounds that the government failed to obtain an order authorizing both the investigation and the use of confidential patient records or communications in furtherance of the investigation.  United States v. Johnson (Johnson I), Case No. 03:09-cr-05703 RBL, ECF No. 107 (W.D. Wash. June 24, 2010).[2]  Petitioner cites the same federal statutes and regulations in the instant petition as he did in his motion to dismiss.  Compare id. with ECF No. 1 at 8-19.  In denying the motion to

---

[2]  The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."  United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

1    dismiss, the court found that petitioner "did not hold himself out as a substance abuse treatment

2    program," and that the government was therefore not required to obtain a court order prior to

3    initiating its investigation.  Johnson I, ECF No. 387 at 6.  The court also found that the seizure of

4    patient records was done in accordance with a properly obtained search warrant.  Id.  Petitioner

5    also raised these arguments in motions to suppress (Johnson I, ECF Nos. 108, 113), which were

6    denied on the same ground (Johnson I, ECF No. 387 at 6 n.5).  On appeal, the Ninth Circuit

7    affirmed the district court's finding that petitioner was not a substance abuse treatment program.

8    Johnson I, ECF No. 698.  After the Ninth Circuit's mandate issued, petitioner filed a § 2255

9    motion in which he challenged his conviction, in part, on the grounds that he held himself out as a

10   substance abuse treatment program and the government was therefore required to obtain a court

11   order prior to beginning its investigation of him or using patient records to criminally investigate

12   him.  Johnson I, ECF No. 707-1.  The court denied the motion, in relevant part, on the ground that

13   petitioner's claim that he held himself out as a substance abuse treatment program was

14   procedurally barred because it had already been addressed by the Ninth Circuit.  Johnson I, ECF

15   No. 708 at 9-10.

16          Petitioner has had an unobstructed procedural shot at raising the claims in the instant

17   petition, and is therefore not entitled to challenge his conviction under § 2241.

18                          C.      Conclusion

19          For the reasons outlined above, petitioner may not challenge his conviction through a §

20   2241 petition.  Since petitioner can only challenge his conviction through a § 2255 motion, which

21   must be brought in the court which imposed the sentence, the petition should be dismissed for

22   lack of jurisdiction.  See 28 U.S.C. § 2255(a).  Since court records demonstrate that petitioner has

23   already pursued a § 2255 motion, and there is no indication that he has received authorization

24   from the Ninth Circuit to pursue a second or successive § 2255 motion, the court declines to

25   construe the instant petition as a § 2255 motion and transfer it to the United States District Court

26   for the Western District of Washington.

27   ////

28   ////

IV.     Miscellaneous Motions

Also before the court are petitioner's motions to commence discovery, for appointment of counsel, to substitute a party, and for writ of mandamus.  ECF Nos. 9, 12, 15.  Petitioner has also filed requests to commence this action and for supervision of the Chief Judge.  ECF Nos. 13, 14, 16.  In light of the recommendation that the petition be dismissed, the motions to commence discovery, for appointment of counsel, and to substitute a party will be denied.  ECF Nos. 9, 12.

As for petitioner's motion for a writ of mandamus and requests to commence the action and for supervision, these requests will be denied as moot.  Petitioner complains that the court has taken no action on his petition since it was filed in May 2016, and requests that the court take immediate action by either screening his petition or assigning another judge to handle the case.  ECF Nos. 13-16.  The Eastern District of California maintains one of the heaviest caseloads in the nation, a significant portion of which is comprised of pro se inmate cases.  This sometimes causes unavoidable delays in the resolution of individual matter and petitioner appears to acknowledge this fact in his most recent filing.  ECF No. 16.  While the court understands petitioner's frustration, these delays are often unavoidable and transfer of the case to another judge, as petitioner requests, would do little to expedite the process and would potentially only serve to cause more delay, as all judges in this district labor under extraordinary caseloads.  Moreover, these requests are mooted by this order, which screens the petition and recommends dismissal for the reasons set forth in Section III above.

V.     Summary

The petition should be dismissed for lack of jurisdiction.  Petitioner cannot bring a petition under § 2241 because has not made a claim for actual innocence and he has already had an opportunity to argue these claims.  Petitioner's other pending motions are denied as a result of these findings and recommendations.

Accordingly, IT IS HEREBY ORDERED that:

1.  Petitioner's motion to proceed in forma pauperis (ECF No. 2) is DENIED.

2.  Petitioner's motion to commence discovery and for appointment of counsel (ECF No. 9) is DENIED.

3.  Petitioner's motion to substitute a party (ECF No. 12) is DENIED.

4.  Petitioner's motions for writ of mandamus and court action (ECF Nos. 13-16) are DENIED as moot.

IT IS FURTHER RECOMMENDED that:

1.  The petition be dismissed for lack of jurisdiction.

2.  No certificate of appealability shall issue.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 16, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE